■ ALBERT A. MAZZEO, Appellant, v ORANGE COUNTY PUBLICATIONS, a Division of OTTAWAY NEWSPAPERS, INC., et al., Respondents. — In an action to recover damages for libel, plaintiff appeals (1) from an order of the Supreme Court, Orange County (Ferraro, J.), dated September 2, 1983, which granted defendants' motion for summary judgment dismissing the complaint on the ground of privilege conferred by section 74 of the Civil Rights Law, and (2) from a further order of the same court (Ritter, J.), dated January 19, 1984, which denied his motion to serve a second amended complaint, without prejudice to renewal of the motion before Justice Ferraro.

Orders affirmed, with one bill of costs.

The newspaper articles in question, to the extent set forth in the amended complaint, when read in their entirety, were fair and true reports of official proceedings and as such, were absolutely privileged under section 74 of the Civil Rights Law (see, e.g., *Holy Spirit Assn. v New York Times Co.,* 49 NY2d 63, 67-68; *Gurda v Orange County Pub.,* 56 NY2d 705, revg 81 AD2d 120).

In addition, Special Term was correct in denying plaintiff's motion to further amend his complaint on the ground that there was no action then pending, but without prejudice to plaintiff seeking the same relief before the Justice who had dismissed his action, a suggestion which plaintiff chose not to follow. On appeal, plaintiff has in no way challenged the appropriateness of that order but has argued the merits of his motion to amend, which were not discussed by Special Term. Were we to consider the merits of plaintiff's motion, we would deny it. It appears that his original complaint was dismissed, without prejudice, because of his failure to assert in the complaint the actual language alleged to be libelous, as required by CPLR 3016 (subd [a]). An amended complaint was then served, which contained part, but not all, of the two articles in question. Following the granting of defendants' motion for summary judgment dismissing his complaint, plaintiff sought leave to serve a second amended complaint, this time including the entire texts of the articles as well as the headlines. Plaintiff's delay in bringing this motion, although he was well aware of the defect in his pleadings, is unexplained. Under the circumstances, defendants should not be required to defend against this action yet another time. O'Connor, J. P., Brown, Lawrence and Eiber, JJ., concur.